IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARYL HELLER AND DENISE HELLER, H/W<br>223 Locust Street<br>Palmyra, PA 17078<br>　　　　Plaintiffs<br><br>　　　v.<br><br>SELECTIVE INSURANCE COMPANY OF AMERICA<br>40 Wantage Avenue<br>Branchville, NJ 07890-1000<br><br>and<br><br>SELECTIVE INSURANCE COMPANY OF SOUTHEAST<br>3426 Toringdon Way, Ste 200<br>Charlotte, NC 28277<br>　　　　Defendant | Docket No.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

AND NOW comes Plaintiffs, Daryl Heller and Denise Heller, husband and wife, by and through their counsel, Fanelli, Evans & Patel, P.C., and respectfully avers as follows:

### THE PARTIES

1. Plaintiffs, Daryl Heller and Denise Heller, husband and wife, are adult individuals residing at 223 Locust Street, Palmyra, PA 17078.

2. Defendant, Selective Insurance Company of America is an insurance corporation with a corporate address of 40 Wantage Avenue, Branchville, NJ 07890-1000.

3. Defendant, Selective Insurance Company of Southeast insurance corporation with a corporate address of 3426 Toringdon Way, Suite 200, Charlotte, NC 28277.

1

## JURISDICTION AND VENUE

4.  The parties are of diverse citizenship and the amount in controversy in this Complaint exceeds $75,000.00. Jurisdiction over this action therefore exists pursuant to 28 U.S.C. § 1332(a)(1).

## FACTUAL PREDICATE

5.  On or about April 3, 2018 at approximately 9:47 p.m., Plaintiff, Daryl Heller was a passenger in a Nissan Marano, operated by an individual identified as Janet Archer.

6.  On the above date and time, Janet Archer was travelling westbound on Penn Avenue in Reading, Pennsylvania.

7.  At that same time, Kevin Berrios was travelling westbound in a 1990 Honda Civic directly behind Janet Archer's vehicle. The 1990 Honda Civic that Kevin Berrios was operating at the time of the incident was owned by Jackie Maldonado.

8.  While traveling on Penn Avenue, Ms. Archer began slowing her vehicle to turn right onto North Pine Street.

9.  At that time, Kevin Berrios failed to slow his vehicle and struck the rear of Ms. Archer's vehicle.

10. As a result of the crash, Plaintiff, Daryl Heller suffered severe and permanent injuries including but not limited to a neck and brain sprain and strain, lumbar radiculopathy, and aggravation of lumbar spondylosis, spondylolisthesis and stenosis and right knee injury, most of which required surgical intervention.

11. At the time of the subject crash, Plaintiffs were insured by Defendants, Selective Insurance Company of America and Selective Insurance Company of Southeast (collectively "Selective Insurance Defendants") which had issued the Subject Policy containing stacked underinsured motorist benefits of $1,250,000.00 in coverage under policy F5214977. The Subject

2

Policy was in full force and effect at the time of the accident set forth herein, and Plaintiffs had paid all premiums due and owing. Said policy is believed to be in the possession of the Defendants since it was prepared and issued by the Defendants, and as such, it is not attached to the Complaint.

12. After the crash, Plaintiffs were required to file a lawsuit against the third-party tortfeasors, Kevin Berrios and Jackie Maldonado, in the Court of Common Pleas of Berks County, Docket No. 20-3656.

13. The lawsuit initiated by the Plaintiffs against Kevin Berrios and Jackie Maldonado was settled by the insurance carrier of Jackie Maldonado, tendering the policy limits of $15,000.00.

14. At the time of the subject crash, Plaintiff, Daryl Heller also had car insurance with State Farm Insurance containing underinsured motorist benefits of $25,000.00 under policy 319 7572-D06-38. State Farm has tendered their underinsured motorist benefits of $25,000.00.

15. Prior to the third-party settlement, Plaintiffs opened an underinsured motorist claim with the Selective Insurance Defendants.

16. Before Plaintiffs reached a settlement with the third-party insurance company, they obtained consent to settle from the Selective Insurance Defendants.

17. On or about August 18, 2021, Plaintiff, Daryl Heller provided the Selective Insurance Defendants with sufficient information in a demand package to evaluate Mr. Heller's underinsured motorist claim as follows:

    a) Western Berks Police Report;

    b) Pinnacle Health medical records;

    c) Select Physical Therapy medical records;

    d) Hershey Outpatient Surgery Center medical records;

    e) Penn State Health medical records;

    f) Cleona Chiropractic medical records;

  g)  Penn State Bone and Health medical records;

  h)  Personal Injury Protection Log;

  i)  Health Insurance records;

  j)  Outstanding medical billing;

18. On or about March 2, 2023, Plaintiff, Daryl Heller provided updated records to the Selective Defendants which included the operative reports for Plaintiff, Daryl Heller's lower back surgery performed by Dr. Christian Fras and right knee surgery performed by Dr. Calvin Stoudt.

19. On or about October 24, 2023, Plaintiff, Daryl Heller provided the Selective Insurance Defendants with a narrative report from Dr. Calvin Stoudt. In the report, Dr. Stoudt opined that the injuries sustained by Mr. Heller and resultant knee surgery are directly related to the crash.

20. On or about December 6, 2023, Plaintiff, Daryl Heller provided the Selective Defendants with a narrative report from Dr. Christian Fras. In the report, Dr. Fras opined that the injuries sustained by Mr. Heller and resultant back surgery are directly related to the crash.

21. After providing the Selective Defendants with sufficient information to evaluate Plaintiff, Daryl Heller's UIM claim, the Selective Defendants made a settlement offer. However, the offer is not fair, reasonable or justified based on the evidence provided to the Defendants by the Plaintiffs.

## COUNT I

## PLAINTIFF, DARYL HELLER

### v.

## SELECTIVE INSURANCE COMPANY OF AMERICA

## BREACH OF CONTRACT

22. Plaintiff incorporates paragraphs 1 through 21 as though fully set forth as length.

23. Selective Insurance Company of America issued an automobile policy to Plaintiffs which provided stacked underinsured motorist benefits of $1,250,000.00 in coverage under policy F5214977.

24. The Subject Policy was in effect on the date of the accident.

25. Pursuant to the terms of the Subject Policy, Selective Insurance Company of America was obligated to provide underinsured motorist benefits to Plaintiffs in accordance with the provisions of the MVFRL, 75 Pa. C.S.A. §1701 *et seq.*

26. By virtue of the Subject Policy provisions and the governing law, Selective Insurance Company of America owed a duty to Plaintiff, Daryl Heller to pay for all damages that he is legally entitled to recover from an operator of an underinsured motorist vehicle as a result of the motor vehicle accident which occurred on April 3, 2018.

27. Selective Insurance Company of America, in failing to offer a reasonable, good faith amount of underinsured motorist benefits, constitutes a breach of the terms and conditions of the Subject Policy.

28. The failure of Selective Insurance Company of America to abide by its underinsured motorist contract caused Plaintiff, Daryl Heller to incur expenses, suffer unnecessary delay and hardship and otherwise sustained damages which would have been avoided if Selective

Insurance Company of America would have reasonably honored and complied with its statutory and contractual obligations.

29. As a direct and proximate result of Selective Insurance Company of America's aforementioned conduct, Plaintiff, Daryl Heller has not received payment of underinsured motorist benefits under the Subject Policy issued by Selective Insurance Company of America.

30. As a result of Selective Insurance Company of America's breach of its duties under the Subject Policy and Pennsylvania law, Plaintiff, Daryl Heller has suffered actual and consequential damages.

WHEREFORE, Plaintiff, Daryl Heller, demands judgment against the Defendant, Selective Insurance Company of America, in an amount in excess of the compulsory arbitration limits together with legal interest and costs thereon.

## COUNT II

### PLAINTIFF, DARYL HELLER

### v.

### SELECTIVE INSURANCE COMPANY OF AMERICA

### BAD FAITH – 42 Pa. C.S.A. §8371

31. Plaintiff incorporates paragraphs 1 through 30 as though fully set forth at length.

32. Selective Insurance Company of America's conduct, actions and omissions in failing to pay underinsured motorist benefits to Plaintiff, Daryl Heller and/or failing to offer to settle Plaintiff's underinsured motorist benefits for a reasonable, fair and justified amount considering the evidence provided, constitutes bad faith on Selective Insurance Company of America towards its insured, Daryl Heller in that:

a)   Failing to make a reasonable settlement offer or payment to Plaintiff, Daryl Heller thereby compelling Plaintiff to institute a lawsuit and incur additional costs to recover those benefits rightly due to him;

b)   Failing and/or refusing to pay the fair amount of Plaintiff, Daryl Heller's underinsured motorist benefits and damages without a reasonable foundation to do so;

c)   Failing to pay Plaintiff, Daryl Heller's underinsured motorist benefits after supporting medical and wage loss documentation had been provided to the Defendant;

d)   Failing to attempt in good faith and effectuate a prompt, fair and equitable settlement of Plaintiff, Daryl Heller's underinsured motorist claim;

e)   Failing to objectively evaluate the medical evidence and wage loss information and make a reasonable settlement offer to Plaintiff, Daryl Heller; and,

f)   Failing to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiff, Daryl Heller.

33.   As a result of Selective Insurance Company of America's bad faith, conduct and actions, Plaintiff, Daryl Heller is entitled to recover, in addition to the full value of the underinsured motorist claim, interest, punitive damages and counsel fees pursuant to the Bad Faith statute.

WHEREFORE, in the interest of justice, Plaintiff, Daryl Heller, respectfully requests this Honorable Court enter judgment in his favor and against the Defendant, Selective Insurance Company of America, in an amount in excess of the compulsory arbitration limits, together with punitive damages, interest and attorney's fees pursuant to the Bad Faith Statute, 42 Pa. C.S.A. §8371, and Pennsylvania law.

## COUNT III

## PLAINTIFF, DARYL HELLER

## v.

## SELECTIVE INSURANCE COMPANY OF SOUTHEAST

## BREACH OF CONTRACT

34. Plaintiff incorporates paragraphs 1 through 33 as though fully set forth as length.

35. Selective Insurance Company of Southeast issued an automobile policy to Plaintiffs which provided stacked underinsured motorist benefits of $1,250,000.00 in coverage under policy F5214977.

36. The Subject Policy was in effect on the date of the accident.

37. Pursuant to the terms of the Subject Policy, Selective Insurance Company of Southeast was obligated to provide underinsured motorist benefits to Plaintiffs in accordance with the provisions of the MVFRL, 75 Pa. C.S.A. §1701 *et seq*.

38. By virtue of the Subject Policy provisions and the governing law, Selective Insurance Company of Southeast owed a duty to Plaintiff, Daryl Heller to pay for all damages that he is legally entitled to recover from an operator of an underinsured motorist vehicle as a result of the motor vehicle accident which occurred on April 3, 2018.

39. Selective Insurance Company of Southeast, in failing to offer a reasonable, good faith amount of underinsured motorist benefits, constitutes a breach of the terms and conditions of the Subject Policy.

40. The failure of Selective Insurance Company of Southeast to abide by its underinsured motorist contract caused Plaintiff, Daryl Heller to incur expenses, suffer unnecessary delay and hardship and otherwise sustained damages which would have been avoided if Selective

Insurance Company of Southeast would have reasonably honored and complied with its statutory and contractual obligations.

41. As a direct and proximate result of Selective Insurance Company of Southeast's aforementioned conduct, Plaintiff, Daryl Heller has not received payment of underinsured motorist benefits under the Subject Policy issued by Selective Insurance Company of Southeast.

42. As a result of Selective Insurance Company of Southeast's breach of its duties under the Subject Policy and Pennsylvania law, Plaintiff, Daryl Heller has suffered actual and consequential damages.

WHEREFORE, Plaintiff, Daryl Heller, demands judgment against the Defendant, Selective Insurance Company of Southeast, in an amount in excess of the compulsory arbitration limits together with legal interest and costs thereon.

## COUNT IV

### PLAINTIFF, DARYL HELLER

### v.

### SELECTIVE INSURANCE COMPANY OF SOUTHEAST

### BAD FAITH – 42 Pa. C.S.A. §8371

43. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth at length.

44. Selective Insurance Company of Southeast's conduct, actions and omissions in failing to pay underinsured motorist benefits to Plaintiff, Daryl Heller and/or failing to offer to settle Plaintiff's underinsured motorist benefits for a reasonable, fair and justified amount considering the evidence provided, constitutes bad faith on Selective Insurance Company of Southeast towards its insured, Daryl Heller in that:

a) Failing to make a reasonable settlement offer or payment to Plaintiff, Daryl Heller thereby compelling Plaintiff to institute a lawsuit and incur additional costs to recover those benefits rightly due to him;

b) Failing and/or refusing to pay the fair amount of Plaintiff, Daryl Heller's underinsured motorist benefits and damages without a reasonable foundation to do so.

c) Failing to pay Plaintiff, Daryl Heller's underinsured motorist benefits after supporting medical and wage loss documentation had been provided to the Defendant;

d) Failing to attempt in good faith and effectuate a prompt, fair and equitable settlement of Plaintiff, Daryl Heller's underinsured motorist claim;

e) Failing to objectively evaluate the medical evidence and wage loss information and make a reasonable settlement offer to Plaintiff, Daryl Heller;

f) Failing to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiff, Daryl Heller.

45. As a result of Selective Insurance Company of Southeast's bad faith, conduct and actions, Plaintiff, Daryl Heller is entitled to recover, in addition to the full value of the underinsured motorist claim, interest, punitive damages and counsel fees pursuant to the Bad Faith statute.

WHEREFORE, in the interest of justice, Plaintiff, Daryl Heller, respectfully requests this Honorable Court enter judgment in his favor and against the Defendant, Selective Insurance Company of Southeast, in an amount in excess of the compulsory arbitration limits, together with punitive damages, interest and attorney's fees pursuant to the Bad Faith Statute, 42 Pa. C.S.A. §8371, and Pennsylvania law.

## COUNT V

## PLAINTIFF, DENISE HELLER

## v.

## ALL DEFENDANTS

## LOSS OF CONSORTIUM

46. Paragraphs 1 through 45 above are incorporated herein as if set forth fully at length.

47. As a result of Defendants' breach of contract and bad faith, Plaintiff, Denise Heller, has been deprived of the comfort, aid and society normally afforded to her by her husband, Plaintiff, Daryl Heller, and these losses are continuing in nature.

WHEREFORE, Plaintiff, Denise Heller, requests this Court to enter judgment in her favor and against all Defendants in an amount in excess of the compulsory arbitration limits together with legal interest and costs thereon.

Respectfully submitted,

FANELLI, EVANS & PATEL, P.C.

By: /s/ James J. Amato
JAMES J. AMATO, ESQUIRE
I.D. No. 203523
The Necho Allen
No. 1 Mahantongo Street
Pottsville, PA 17901
(570) 622-2455
jamato@feplawyers.com
COUNSEL FOR PLAINTIFFS

## **CERTIFICATE OF COMPLAINCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

        FANELLI, EVANS, & PATEL, P.C.

        BY: /s/ James J. Amato
            JAMES J. AMATO, ESQUIRE
            *Attorney for Plaintiff*

## VERIFICATION

The language of the foregoing document is that of counsel and not necessarily my own; however, I have read the foregoing document and to the extent it is based upon information we have given to counsel, it is true and correct to the best of my knowledge, information and belief; to the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this verification.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A section 4904, relating to unsworn falsification to authorities.

_____
DARYL HELLER

## VERIFICATION

The language of the foregoing document is that of counsel and not necessarily my own; however, I have read the foregoing document and to the extent it is based upon information we have given to counsel, it is true and correct to the best of my knowledge, information and belief; to the extent that the content of the foregoing document is that of counsel, I have relied upon counsel in making this verification.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A section 4904, relating to unsworn falsification to authorities.

_Denise Heller_
DENISE HELLER