IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL HELLER AND DENISE HELLER, H/W<br>223 Locust Street<br>Palmyra, PA 17078 | : : : : | Docket No. 1:24-cv-00293-ccc |
| Plaintiffs | : : | JURY TRIAL DEMANDED |
| v. | : : | |
| SELECTIVE INSURANCE COMPANY OF SOUTHEAST<br>3426 Toringdon Way, Ste 200<br>Charlotte, NC 28277 | : : : : : | |
| Defendant | : | |

**NOTICE**

     YOU HAVE BEEN SUED IN COURT.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

     YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.  THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.  IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**MORISS COUNTY LEGAL AID**
**30 Schuyler Place**
**Morristown, NJ 07963**
**973-285-6911**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL HELLER AND DENISE HELLER, H/W<br>223 Locust Street<br>Palmyra, PA 17078<br>        Plaintiffs<br><br>    v.<br><br>SELECTIVE INSURANCE COMPANY OF SOUTHEAST<br>3426 Toringdon Way, Ste 200<br>Charlotte, NC 28277<br><br>        Defendant | : : : : : : : : : : : : : : : | Docket No. 1:24-cv-00293-ccc<br><br>JURY TRIAL DEMANDED |

## **AMENDED COMPLAINT**

AND NOW comes Plaintiffs, Daryl Heller and Denise Heller, husband and wife, by and through their counsel, Fanelli, Evans & Patel, P.C., and respectfully avers as follows:

## **THE PARTIES**

1. Plaintiffs, Daryl Heller and Denise Heller, husband and wife, are adult individuals residing at 223 Locust Street, Palmyra, PA 17078.

2. Defendant, Selective Insurance Company of Southeast insurance corporation with a corporate address of 3426 Toringdon Way, Suite 200, Charlotte, NC 28277.

## **JURISDICTION AND VENUE**

3. The parties are of diverse citizenship and the amount in controversy in this Complaint exceeds $75,000.00. Jurisdiction over this action therefore exists pursuant to 28 U.S.C. § 1332(a)(1).

1

**FACTUAL PREDICATE**

4.  On or about April 3, 2018 at approximately 9:47 p.m., Plaintiff, Daryl Heller [hereinafter "Mr. Heller"] was a passenger in a Nissan Marano, operated by an individual identified as Janet Archer [hereinafter "Ms. Archer"].

5.  On the above date and time, Ms. Archer was travelling westbound on Penn Avenue in Reading, Pennsylvania.

6.  At that same time, Kevin Berrios was travelling westbound in a 1990 Honda Civic, owned by Jackie Maldonado, directly behind Ms. Archer's vehicle.

7.  At the aforementioned time, Ms. Archer slowed her vehicle to turn right onto North Pine Street when suddenly and without warning Kevin Berrios failed to slow his vehicle and violently struck the rear of Janet Archer's vehicle.

8.  As a result of the crash, Mr. Heller suffered severe and permanent injuries including but not limited to the following:

    a. Headaches;

    b. Shoulder pain;

    c. Cervical sprain and strain;

    d. Thoracic sprain and strain;

    e. Lumbar sprain and strain;

    f. Mid-back pain radiating into the lower back and right hip;

    g. Bilateral low back pain with radiculopathy into both lower extremities;

    h. Aggravation of lumbar spondylosis, spondylolisthesis and stenosis;

    i. Tear of the right medial meniscus.

9.  As a result of his injuries from the crash, Mr. Heller receiving medical treatment including but not limited to physical therapy treatment, injections/ablation therapy, arthroscopic

right knee surgery, L4-5 lumbar decompression with laminectomy, lysis of adhesions at L4-5, and posterior spinal fusion at the same levels.

10. After the crash, Mr. Heller filed a lawsuit against the Defendants, Kevin Berrios and Jackie Maldonado, in the Court of Common Pleas of Berks County, Docket No. 20-3656 [hereinafter the "Lawsuit"].

11. The Lawsuit settled for $15,000, which represented the policy limit of Progressive, the automobile insurance carrier for Ms. Maldanado.

12. At the time of the subject crash, Mr. Heller was insured by State Farm Insurance Company which issued a policy of insurance to insureds Daryl Heller and Janet Archer, policy no.: 319 7572-D06-38.

13. The State Farm Policy had underinsured motorist benefits in the amount of $25,000.00.

14. State Farm tendered the underinsured motorist benefits of $25,000.00 as compensation for Mr. Heller's injuries and damages.

15. At the time of the subject crash, Mr. Heller was also insured by Defendant, Selective Insurance Company of Southeast (hereinafter "Selective") which issued a policy of insurance to insureds Daryl Heller and Denise Heller, policy no.: F 5214977, effective from June 20, 2017 to June 20, 2018 (hereinafter the "Policy").

16. The Policy contained underinsured motorist benefits in the amount of $250,000.00, stacked with five (5) vehicles on the Policy for a total underinsured motorist benefit of $1,250,000.

17. The Policy was in full force and effect at the time of the crash set forth herein.

18. At all times relevant hereto, Plaintiffs paid all premiums due and owing on the Policy.

19. A complete and certified copy of the Policy is in the possession of Selective, and as such, it is not attached to the Complaint.

20. Prior to the third-party settlement, Mr. Heller opened an underinsured motorist claim with the Selective.

21. Before Mr. Heller reached a settlement with the third-party insurance company and/or State Farm, he obtained consent to settle from Selective.

22. On or about August 18, 2021, Mr. Heller provided Selective with information via a demand package so Selective can properly evaluate Mr. Heller's underinsured motorist claim. The documents produced to Selective are as follows:

　　a) Western Berks Police Report;

　　b) Pinnacle Health medical records;

　　c) Select Physical Therapy medical records;

　　d) Hershey Outpatient Surgery Center medical records;

　　e) Penn State Health medical records;

　　f) Cleona Chiropractic medical records;

　　g) Penn State Bone and Health medical records;

　　h) Personal Injury Protection Log;

　　i) Health Insurance records;

　　j) Outstanding medical billing;

23. Mr. Heller continued to treat for his injuries through calendar year 2022.

24. Thereafter, on or about March 2, 2023, Mr. Heller provided updated records to Selective that included the operative reports for Mr. Heller's lower back surgery performed by Dr. Christian Fras and right knee surgery performed by Dr. Calvin Stoudt.

25. On or about October 24, 2023, Mr. Heller provided Selective with a narrative report from Dr. Calvin Stoudt regarding Mr. Heller's treatment in relation to the crash.

26. In the report Dr. Stoudt opined that the Mr. Heller sustained a right knee injury secondary to the subject crash, which required arthroscopic surgery and will most likely require a total knee arthroplasty (replacement) in the future.

27. On or about December 6, 2023, Mr. Heller provided Selective with a narrative report from Dr. Christian Fras regarding Mr. Heller's treatment in relation to the crash.

28. In the report Dr. Fras opined that the Mr. Heller neck and back injuries including the lumbar radiculopathy, and aggravation of lumbar spondylosis, spondylolisthesis and stenosis as well as the L4-5 lumbar decompression with laminectomy, lysis of adhesions at L4-5, and posterior spinal fusion were casually related to the April 3, 2018 crash.

29. Dr. Fras also opined that the surgery is not expected to yield complete resolution of Mr. Heller's symptoms and that annual pain management interventions will be needed, including three (3) lumbar epidural steroid injections, three (3) lumbar facet injections, lumbar radiofrequency ablation and placement of a spinal cord stimulator the cost of which will exceed $100,000.00. Dr. Fras notes that Mr. Heller's injuries and limitations will prevent him from working in the future.

30. Mr. Heller also has outstanding medical bills/liens in the amount of $85,952.83 along with a viable wage loss and loss of future earnings capacity claim.

31. After providing Selective with the above noted medical records, operative reports, medical expert reports, and billing/lien information to evaluate Mr. Heller's underinsured motorist claim, Selective made an initial settlement offer of $60,000, which was rejected.

32. Selective gradually increased its settlement offers, culminating in a best and final settlement offer of $160,000 inclusive of all liens and costs.

33. The offer was rejected because it was not fair, reasonable or justified based on the proffered evidence, necessitating the filing of the within lawsuit.

## COUNT I

## PLAINTIFF, DARYL HELLER

v.

## SELECTIVE INSURANCE COMPANY OF SOUTHEAST

## BREACH OF CONTRACT

34. Plaintiff incorporates paragraphs 1 through 33 as though fully set forth as length.

35. Selective issued an automobile policy to Plaintiffs which provided stacked underinsured motorist benefits of $1,250,000.00 in coverage under policy F5214977.

36. The Policy was in effect on the date of the crash.

37. Pursuant to the terms of the Policy, Selective was obligated to provide underinsured motorist benefits to Plaintiffs in accordance with the provisions of the MVFRL, 75 Pa. C.S.A. §1701 *et seq.*

38. By virtue of the Policy provisions and the governing law, Selective owed a duty to Plaintiff, Daryl Heller to pay for all damages that he is legally entitled to recover from an operator of an underinsured motorist vehicle as a result of the motor vehicle accident which occurred on April 3, 2018.

39. Selective, in failing to offer a reasonable, good faith amount of underinsured motorist benefits, constitutes a breach of the terms and conditions of the Policy.

40. The failure of Selective to abide by its underinsured motorist contract caused Plaintiff, Daryl Heller to incur expenses, suffer unnecessary delay and hardship and otherwise sustained damages which would have been avoided if Selective would have reasonably honored and complied with its statutory and contractual obligations.

41. As a direct and proximate result of Selective's aforementioned conduct, Plaintiff, Daryl Heller has not received payment of underinsured motorist benefits under the Policy issued by Selective.

42. As a result of Selective's breach of its duties under the Policy and Pennsylvania law, Plaintiff, Daryl Heller has suffered actual and consequential damages.

WHEREFORE, Plaintiff, Daryl Heller, demands judgment against the Defendant, Selective Insurance Company of Southeast, in an amount in excess of the compulsory arbitration limits together with legal interest and costs thereon.

## COUNT II

## PLAINTIFF, DARYL HELLER

### v.

## SELECTIVE INSURANCE COMPANY OF SOUTHEAST

## BAD FAITH – 42 Pa. C.S.A. §8371

43. Plaintiff incorporates paragraphs 1 through 42 as though fully set forth at length.

44. Selective's conduct, actions and omissions in failing to adequately compensate Mr. Heller and/or failing to offer to settle Mr. Heller's underinsured motorist benefits for a reasonable, fair, and justified amount considering the evidence provided, constitutes bad faith by Selective towards its insured, Daryl Heller in that Selective:

   a) Acted deceptively and in bad faith by failing to properly investigate and evaluate Mr. Heller's claim despite being provided sufficient documentation, evidence, medical records, operative reports, expert reports and medical billing/lien information that shows Mr. Heller's claim is worth substantially more than the amount offered to settle his claim;

b) Repeatedly offered inadequate settlement amounts to Mr. Heller despite knowing the extensive medical treatment and surgery he received and will likely need in the future as a direct result of the subject crash;

c) Repeatedly offered inadequate settlement amounts to Mr. Heller despite knowing the extensive pain, suffering and limitations Mr. Heller experienced and will continue to experience in the future as a direct result of the subject crash;

d) Repeatedly offered inadequate settlement amounts to Mr. Heller despite knowing the substantial outstanding medical expense incurred and the future medical expense he will incur due to his injuries as outlined in the medical expert reports of Dr. Stoudt and Dr. Fras;

e) Repeatedly offered inadequate settlement amounts to Mr. Heller despite knowing the need for ongoing medical treatment as outlined in the medical expert reports of Dr. Stoudt and Dr. Fras;

f) Repeatedly offered inadequate settlement amounts to Mr. Heller despite knowing Mr. Heller's future limitations, restrictions, and inability to work as outlined in the medical expert reports of Dr. Stoudt and Dr. Fras;

g) Disregarded Mr. Heller's medical records, operative reports, medical expert reports, and medical billing/lien documentation and failed to make a reasonable evaluation of Mr. Heller's injuries based on the proffered evidence;

h) Failed to pay the policy limits and/or a substantial amount of the policy limits, especially where Mr. Heller provided medical records, operative reports, medical expert reports, and medical billing/lien documentation

8

        establishing that Mr. Heller's injuries and damages are significant, permanent, and directly related to the subject crash;

i) Failed to pay the policy limits and/or a substantial amount of the policy limits, especially where Mr. Heller medical records substantiate the extent and permanency of Mr. Heller's injuries, pain and suffering;

j) Failed to effectuate a prompt and equitable settlement and had engaged in unfair and deceptive trade practices to avoid payment despite knowing the severity and permanency of Mr. Heller's injuries as evidenced by the documentation and medical records provided to Selective;

k) Failed to effectuate a prompt and equitable settlement and had engaged in unfair and deceptive trade practices to avoid payment despite knowing that Mr. Heller's current and ongoing limitations, damages, pain and suffering are directly related to the subject crash;

l) Failed to effectuate a prompt and equitable settlement to avoid payment even though Selective has not disputed the causal relationship between Mr. Heller's injuries, damages, ongoing limitations, and/or pain and suffering and the subject crash;

m) Failed to make a reasonable settlement offer or payment to Mr. Heller despite knowing the severity and permanency of his injuries thereby compelling Plaintiff to institute a lawsuit and incur additional costs to recover those benefits rightly due to him;

n) Failed to pay the fair amount of Mr. Heller's underinsured motorist benefits and damages without a reasonable foundation to do so.

o)  Failed to pay the fair amount of Mr. Heller's underinsured motorist benefits and damages even though Selective has not disputed the causal relationship between Mr. Heller's injuries/damages and the subject crash;

p)  Failed to pay Mr. Heller's underinsured motorist benefits after supporting medical and wage loss documentation had been provided to the Selective;

q)  Failed to attempt in good faith and effectuate a prompt, fair and equitable settlement of Mr. Heller's underinsured motorist claim;

r)  Failed to objectively evaluate the medical evidence and wage loss information and make a reasonable settlement offer to Mr. Heller;

s)  Failed to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiff, Daryl Heller.

t)  Lacked a reasonable basis to deny Mr. Heller's benefits and/or has recklessly disregarded its lack of reasonable basis in failing to properly pay Mr. Heller's claims despite being given adequate medical records and reports outlining the severity and permanency of Mr. Heller's injuries and damages.

u)  Lacked a reasonable basis to deny Mr. Heller's benefits and/or has recklessly disregarded its lack of reasonable basis in failing to properly pay Mr. Heller's claims despite being given adequate medical records and reports outlining the Mr. Heller's past, present, and future pain, suffering, and limitations;

v)  Lacked a reasonable basis to deny Mr. Heller's benefits and/or has recklessly disregarded its lack of reasonable basis in failing to properly pay Mr. Heller's claims despite being given adequate medical records and

reports outlining the Mr. Heller's past, present, and future pain, medical expenses;

w) Lacked a reasonable basis to deny Mr. Heller's benefits and/or has recklessly disregarded its lack of reasonable basis in failing to properly pay Mr. Heller's claims despite being given adequate medical records and reports outlining the Mr. Heller's past, present, and future pain, wage loss and loss of earning capacity;

45. As a result of Selective's bad faith, conduct and actions, Mr. Heller is entitled to recover, in addition to the full value of the underinsured motorist claim, interest, punitive damages and counsel fees pursuant to the Bad Faith statute.

WHEREFORE, in the interest of justice, Plaintiff, Daryl Heller, respectfully requests this Honorable Court enter judgment in his favor and against the Defendant, Selective Insurance Company of Southeast, in an amount in excess of the compulsory arbitration limits, together with punitive damages, interest and attorney's fees pursuant to the Bad Faith Statute, 42 Pa. C.S.A. §8371, and Pennsylvania law.

## COUNT III

## PLAINTIFF, DENISE HELLER

### v.

## ALL DEFENDANTS

### LOSS OF CONSORTIUM

46. Paragraphs 1 through 45 above are incorporated herein as if set forth fully at length.

47. As a result of Defendants' breach of contract and bad faith, Plaintiff, Denise Heller, has been deprived of the comfort, aid and society normally afforded to her by her husband, Plaintiff, Daryl Heller, and these losses are continuing in nature.

WHEREFORE, Plaintiff, Denise Heller, requests this Court to enter judgment in her favor and against all Defendants in an amount in excess of the compulsory arbitration limits together with legal interest and costs thereon.

    Respectfully submitted,

    FANELLI, EVANS & PATEL, P.C.

    By:   /s/ James J. Amato
         JAMES J. AMATO, ESQUIRE
         I.D. No. 203523
         The Necho Allen
         No. 1 Mahantongo Street
         Pottsville, PA 17901
         (570) 622-2455
         jamato@feplawyers.com
         COUNSEL FOR PLAINTIFFS

**CERTIFICATE OF COMPLAINCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

FANELLI, EVANS, & PATEL, P.C.

BY: `/s/ James J. Amato`
       JAMES J. AMATO, ESQUIRE
       *Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARYL HELLER AND DENISE HELLER, H/W<br>223 Locust Street<br>Palmyra, PA 17078 | :<br>:<br>:<br>: | Docket No. 1:24-cv-00293-ccc |
| Plaintiffs | : | JURY TRIAL DEMANDED |
| v. | :<br>: | |
| SELECTIVE INSURANCE COMPANY OF SOUTHEAST<br>3426 Toringdon Way, Ste 200<br>Charlotte, NC 28277 | :<br>:<br>:<br>: | |
| Defendant | : | |

## CERTIFICATE OF SERVICE

    I, James J. Amato, Esquire, hereby certify that on the date noted below, a true and correct copy of the foregoing *Amended Complaint* was served upon the following party via e-filing only:

**VIA EMAIL ONLY:**
**Jeffrey M. Brenner, Esq.**
Post Schell
1717 Arch Street
Philadelphia, PA 19103
*Counsel for Defendant*

                                                    By: /s/ James J. Amato
                                                    JAMES J. AMATO, ESQUIRE
                                                    *Attorney for Plaintiffs*

DATED:    May 5, 2024