IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARYL HELLER AND DENISE HELLER, h/w** | )<br>)<br>) |
| **Plaintiff** | )    CIVIL NO. 1:24-cv-00293-CCC <br>) |
| v. | )<br>) |
| **SELECTIVE INSURANCE COMPANY OF SOUTHEAST** | )<br>)<br>)<br>) |
| **Defendants** | ) |

## REPLY BRIEF IN SUPPORT OF DEFENDANT SELECTIVE INSURANCE COMPANY OF SOUTHEAST'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

Unfortunately, the Amended Complaint and Plaintiffs' Response Brief fail to address the thrust of Selective's motion to dismiss arguments with respect to Plaintiffs' bad faith claim – namely, that the Amended Complaint fails to offer the Court anything more than conclusions of law which must be set aside for purposes of the instant motion to dismiss, and various rephrasings of a reasonable delay and/or a valuation dispute with respect to Plaintiffs' alleged injuries, all of which this Circuit has long-held does not amount to bad faith.

When evaluating Plaintiffs' bad faith claim at Count II of the Amended Complaint for purposes of the instant motion to dismiss, the Court must set aside all conclusions of law contained therein, and then focus on the remaining factual averments. *See, e.g.*, *Muth v. State Farm Fire & Cas. Co.*, 2010 U.S. Dist. LEXIS

99745, at *4-5 (M.D. Pa. Sep. 22, 2010) ("It is apparent, as State Farm argues, that the complaint fails to allege sufficient facts to state a valid bad faith claim. All of the allegations are merely conclusory statements. Additionally, paragraphs 27 and 28 are simply a threadbare recital of the elements of the cause of action. We will therefore dismiss Count II.").

"A reasonable basis is all that is required to defeat a claim of bad faith." *Rhodes v. USAA Cas. Ins. Co.*, 31 Pa. D. & C.5th 496, 500 (Blair Cnty. C.P. 2013) (citing *Horowitz v. Fed. Kemper Life Assurance Co.*, 57 F.3d 300 (3d Cir-1995)). "It is not bad faith for an insurance company to contest a UM/UIM claim." *Id.* (citing *Condio v. Erie Ins. Exch.*, 899 A.2d 1136 (Pa. Super. 2006)).

With respect to delay, while an unreasonable delay may, in some circumstances amount to bad faith, "[a] long period of delay, in and of itself, does not constitute bad faith." *Id.* (citing *Thomer v. Allstate Insurance Company*, 790 F. Supp. 2d 360 (E.D. Pa. 2011); *see also Mitch's Auto Serv. Ctr. v. State Auto. Mut. Ins. Co.*, 2011 U.S. Dist. LEXIS 123119 (E.D. Pa. Oct. 24, 2011) (finding a delay of 42 months was insufficient to show bad faith).

Finally, with respect to valuation disputes in UM/UIM claims, a valuation dispute or allegations that a carrier "offer[ed] an amount at the lower estimated settlement range does not qualify as bad faith." *Thomer v. Allstate Ins. Co.*, 790 F. Supp. 2d 360, 376 (E.D. Pa. 2011); *see also Kosierowski v. Allstate Ins. Co.*, 51 F.

Supp. 2d 583, 592 (E.D. Pa. 1999) ("The court also rejects the idea that negotiation--i.e., offering the bottom of an estimated settlement range--qualifies as bad faith in this case for similar reasons. Such an argument fails to consider the nature of the UIM policy purchased by plaintiff.").

Here, all the Amended Complaint has done with respect to its bad faith claim is expand the quantity of conclusions of law that the Court must set aside and increased the number of rephrased conclusions of law concerning alleged bad faith delay and low valuations.  The entire corpus of allegations in support of Plaintiffs' bad faith claim are contained in paragraph 44 of the Amended Complaint, which in turn are a laundry-list of sub-conclusions and rephrasings of a valuation dispute.

**Count II of the Complaint *pleads no facts whatsoever* in support of Plaintiffs' bad faith claim.  In fact, every sub-allegation in paragraph 44 of the Amended Complaint, above, are all legal conclusions which must be disregarded when determining whether Plaintiff's bad faith claim meets the pleading threshold established by *Twombly* and *Iqbal*.**  *See Malleus*, 641 F.3d at 563; *Fowler*, 578 F.3d at 210-11.  **Plaintiff pleads no factual details pertaining to the two-part *Rancosky* test or any facts that support Plaintiff's contention that Selective violated § 8371.**

Furthermore, every sub-allegation in paragraph 44 of the Amended Complaint, above, is nothing more than various rephrasings of an alleged "failure to

pay benefits" allegedly due under the Policy, or, a dispute as to the reasonableness of Selective's offer, in other words, a valuation dispute.

Here, the Amended Complaint specifically alleges that "[a]fter providing Selective with the above noted medical records, operative reports, medical expert reports, and billing/lien information to evaluate Mr. Heller's underinsured motorist claim, Selective made an initial settlement offer of $60,000, which was rejected" and that "Selective gradually increased its settlement offers, culminating in a best and final settlement offer of $160,000 inclusive of all liens and costs." Am. Compl. at ¶¶ 31-32.

Finally, with respect to delay, while the Amended Complaint repeatedly throws around general conclusions that Selective "[f]ailed to effectuate a prompt and equitable settlement", as noted above, the Amended Complaint provides a chronology which belies such a claim, specifically noting multiple rounds of offers to settle, culminating in a best and final settlement offer of $160,000 inclusive of all liens and costs." Am. Compl. at ¶¶ 31-32. By Plaintiffs' own admission, any delay in the matter was warranted given Plaintiffs' continuing treatment, supplement of medical records, and settlement negotiations, not to mention the COVID-19 pandemic.

Thus, taken collectively, the allegations which purport to demonstrate SICSE's alleged "bad faith" are exactly the type of "formulaic recitation" of the

4

elements of a claim that the Third Circuit and this Court have found insufficient to survive a challenge under Rule 12(b)(6).  Once stripped of its bald legal conclusions and unsupported, conclusory statements, it is clear that the Amended Complaint contains inadequate allegations of actual **fact.**  Rather, Plaintiff's bad faith claim is supported by little more than mere "labels and conclusions" and "'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 677-78.

Accordingly, Count II of the Amended Complaint should be dismissed with prejudice pursuant to Rule 12(b)(6).  *See Smith*, 506 F. App'x at 136 (affirming the dismissal of an insurance bad faith claim that pled conclusory statements without facts); *Toner*, 262 F. Supp. 3d at 208 ("A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair.").

DATE:  June 13, 2024                      POST & SCHELL, P.C.

                                                  BY:   /s/ *Jeffrey M. Brenner*
                                                         **JEFFREY M. BRENNER, ESQ.**
                                                         Attorney for Defendant
                                                         Three Logan Square, 24th Floor
                                                         1717 Arch Street
                                                         Philadelphia, PA 19103
                                                         Phone: 215-587-1133
                                                         Fax: 215-587-1444
                                                         E-mail: jbrenner@postschell.com

27501258v1

## CERTIFICATE OF SERVICE

      I hereby certify that the attached Reply Brief in Support of Selective Insurance Company of the Southeast's Motion to Dismiss the Amended Complaint has been served this day via electronic filing notification to the following persons:

James J. Amato, Esquire
FANELLI, EVANS & PATEL, P.C.
The Necho Allen
No. 1 Mahantongo Street
Pottsville, PA 17901
jamato@feplawyers.com
*Counsel for Plaintiffs*

**DATE: June 13, 2024**　　　　　　　　　　**POST & SCHELL, P.C.**

                                         **BY:**   */s/ Jeffrey M. Brenner*
                                                **JEFFREY M. BRENNER, ESQ.**
                                                Attorney for Defendant
                                                Three Logan Square, 24th Floor
                                                1717 Arch Street
                                                Philadelphia, PA 19103
                                                Phone: 215-587-1133
                                                Fax: 215-587-1444
                                                E-mail: jbrenner@postschell.com

27501258v1