IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARYL HELLER** and **DENISE HELLER**, | : CIVIL ACTION NO. 1:24-CV-293 :<br>: **(Judge Conner)** |
| **Plaintiffs** | : |
| v. | : |
| **SELECTIVE INSURANCE COMPANY OF SOUTHEAST**, | : : |
| **Defendant** | : |

## **ORDER**

AND NOW, this 21st day of June, 2024, upon consideration of the motion (Doc. 13) filed by defendant Selective Insurance Company of Southeast ("Selective") to dismiss Count II of the amended complaint (Doc. 10) filed by plaintiffs Daryl and Denise Heller pursuant to Federal Rule of Civil Procedure 12(b)(6),[1] and further upon consideration of the parties' respective briefs in support of and in opposition to Selective's motion, (see Docs. 14, 15, 17), wherein Selective argues that the Hellers' allegation of bad faith in Count II is conclusory and lacks sufficient factual specificity, (see Doc. 14 at 7-18 (citing, *inter alia*, Smith v. State

---

[1] The Hellers, husband and wife, bring this federal diversity lawsuit against one of their auto insurers, Selective, alleging breach of contract (Count I), bad faith (Count II), and loss of consortium (Count III). (See Doc. 10). The lawsuit arises from an April 2018 motor vehicle accident involving Mr. Heller, as a result of which he suffered numerous severe and permanent injuries. (See id. ¶¶ 4-9). The Hellers claim that, *inter alia*, Mr. Heller was fully insured by Selective at the time of the accident, (see id. ¶¶ 15-19), he submitted all requested documents to Selective for it to evaluate his insurance claim, (see id. ¶¶ 20-31), and that Selective's final settlement offer of $160,000 was unfair and unreasonable based on the evidence, (see id. ¶¶ 31-33). Selective moves to dismiss only Count II of the amended complaint. (See Doc. 13 at 1).

Farm Mut. Auto. Ins. Co., 506 F. App'x 133, 136 (3d Cir. 2012) (nonprecedential)); see also Doc. 17 at 3-5), and wherein the Hellers respond that the amended complaint contains sufficient factual averments detailing Selective's misconduct as to Count II, (see Doc. 15 at 9-13 (citing Doc. 10 ¶¶ 44(a)-(w))), and the court observing that Rule 12(b)(6) provides for the dismissal of complaints that fail to state a claim upon which relief may be granted, see FED. R. CIV. P. 12(b)(6), and that when ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief," see Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)),[2] and the court further observing that, for a statutory bad faith claim under Pennsylvania law, a plaintiff must allege "(1) that the insurer did not have a

---

[2] Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis," see Rancosky v. Washington Nat'l Ins. Co., 170 A.3d 364, 365 (Pa. 2017); 42 PA. CONS. STAT. § 8371; see also O'Donnell *ex rel.* Mitro v. Allstate Ins. Co., 734 A.2d 901, 906 (Pa. Super. Ct. 1999) ("An action for bad faith may also extend to the insurer's investigative practices."), and, turning to the matter *sub judice*, the court noting that the Hellers allege Selective engaged in bad faith by, *inter alia*, (i) failing to properly investigate and evaluate Mr. Heller's claim after receiving sufficient documentation supporting the claim; (ii) repeatedly offering inadequate settlement amounts to Mr. Heller despite knowing the seriousness of his injuries and medical expenses; and (iii) deliberately disregarding the medical evidence supporting Mr. Heller's claim despite acknowledging the factual cause of his injuries and his entitlements under the insurance policy; (see Doc. 10 ¶¶ 15-33, 44(a)-(w)), and the court finding that the allegations of the amended complaint, when viewed in context, provide sufficient factual detail for a statutory bad faith claim in Pennsylvania, see Rancosky, 170 A.3d at 365, and the court concluding that the Hellers have plausibly alleged a bad faith claim in Count II, it is hereby ORDERED that Selective's motion (Doc. 13) to dismiss Count II of the amended complaint (Doc. 10) is DENIED.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Court
Middle District of Pennsylvania